No. 36,948

RILLA WOODS and GEORGE W. WOODS, *Appellees*, v. GUINETTA TURNER and PAUL TURNER et al., *Appellants*.

(195 P. 2d 600)

Opinion filed July 10, 1948.

*William H. Towers* and *Elmer C. Jackson, Jr.,* both of Kansas City argued the cause and were on the briefs for the appellants.

*David F. Carson,* of Kansas City, argued the cause and *David W. Carson,* of Kansas City, was with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to cancel a written agreement and to cancel a deed conveying real property pursuant to the written agreement. Judgment was for the plaintiffs. Defendants have appealed.

The petition alleged plaintiffs' ownership in 1940 of certain city lots upon which there was a mortgage of $650; that on February 21, 1940, they entered into a contract with the defendants whereby the defendants agreed that plaintiffs should continue to occupy the property without the payment of any rent during their lifetime and the defendants were to pay the mortgage and taxes and keep the property insured; that defendants had defaulted in the performance of the contract; had ousted plaintiffs from possession of the property even though the contract provided they were to have a life estate and the possession of it; that defendants had allowed the taxes to become in default and had not paid the mortgage and were threatening to dispose of the property; that by the terms of the contract if it was not performed by defendants the property was to revert to the plaintiffs; that defendants had materially damaged the property. The prayer was that the deed be set aside and plaintiffs placed in possession and that defendants be enjoined from disposing of the property for the rental value of the property and $400 damages.

The defendants in their answer admitted the ownership of plaintiffs in the land in question; stated that the mortgage was for a larger amount than $650; admitted that on February 21, 1940, they entered into the contract alleged but denied they had defaulted in the performance of the contract and that they had ousted the plaintiffs from possession, but alleged they had paid all sums due according to the contract, that they had paid all of the money due under the mortgage and had paid the taxes and the property was free of any tax liens. They admitted the execution of the deed pleaded in the petition and stated they claimed nothing more than a life estate in remainder after the death of both the plaintiffs. The answer then alleged that they were in peaceable possession of the property prior to February 21, 1940, and had been jointly with the plaintiffs in possession of it for many months prior thereto; and that on the above date the plaintiffs proposed that defendants should continue living in the property and assume the mortgage and pay the taxes and make improvements, and that pursuant to that proposal the contract was executed and drawn on the same date upon which the deed was executed; that the defendants were in quiet and peaceable possession of the property and had performed all of the conditions of the contract; that they had repaired the property and expended $1,500 upon it. The answer then alleged

that they had never at any time requested plaintiffs to move out of the dwelling but that they voluntarily moved. They further alleged the plaintiffs were not entitled to the cancellation of the deed because the contract provided that it could only be canceled by nonperformance by defendants of the conditions of the contract by nonpayment of taxes, mortgage, debts, etc.; that if the deed should be set aside defendants were entitled to have the court determine their rights to the repayment for all material used in the improvement of the real estate; that they had paid under the terms of the mortgage $723.96 and that if plaintiffs should prevail defendants should be entitled to a lien upon the property in that amount. There was also a general denial. The prayer of the answer was that the court find the plaintiffs were entitled to no relief and that defendants be subrogated to the mortgage lien of the mortgagee and for further relief.

The reply was a general denial and that defendants had lived in the premises since the date of the deed and had paid no rent.

There was a colloquy between counsel and the court at the outset in which the court apparently endeavored to limit the issues to be submitted. The final judgment was that the contract and deed would not be canceled; that in the contract and deed the plaintiffs received a life estate, which obligated the defendants to pay the mortgage, to keep the property and premises in repair and pay all taxes and special assessments; that the defendants had performed all of these conditions except they had ousted plaintiffs from possession and that plaintiffs should be restored to possession of the premises and that the place was the homestead of plaintiffs. Judgment was entered accordingly, hence this appeal.

The defendants contend that the trial court erred in overruling their demurrer to plaintiffs' evidence and in overruling their motion for a new trial and in departing from the issues involved in the execution and in raising an issue outside the pleadings.

While the record is not as clear as it might be, it appears that the plaintiffs were an elderly couple and lived on the property in question in Kansas City, Kan., that about the time of the execution of the contract and deed, which is in dispute here, at their request the defendants, a nephew and niece, occupied the house with them.

Defendants agree that pursuant to the deed and contract the plaintiffs had a life estate in the property. They argue, however, that under the evidence the court should have found the plaintiffs

had moved out of the property, thereby relinquishing their interest in it, and permitted the defendants to take possession. They cite cases to the effect that a life tenant may abandon the property and thereby accelerate the taking effect of the estate in the remainder-man. The answer to that argument is that the court found the plaintiffs had not abandoned the property. That was a question of fact upon which it was the court's duty to weigh the evidence. Such a finding cannot be disturbed by us on appeal. That is about all there is to this appeal.

The judgment of the trial court is affirmed.